# In the United States Court of Federal Claims

No. 18-1395C

(Filed: September 4, 2020)

```
************************************
                                   *
                                   *
FOX LOGISTICS AND CONSTRUCTION     *
COMPANY,                           *
                                   *
                    Plaintiff,     *
                                   *
v.                                 *
                                   *
THE UNITED STATES,                 *
                                   *
                    Defendant.     *
                                   *
************************************
```

## OPINION AND ORDER

WHEELER, Judge.

In this case, plaintiff Fox Logistics and Construction Co. ("Fox") alleges that it was a third-party beneficiary of a contract between Lakeshore Engineering Services, Inc. ("Lakeshore") and the Department of the Air Force. In the alternative, Fox claims that it had an implied-in-fact contract with the Air Force. In either event, Fox alleges that the Air Force breached its duty of good faith and fair dealing.

Fox's claims are related to a construction contract between the Government and Lakeshore for the construction of Shindand Air Base in Afghanistan. Fox was one of Lakeshore's subcontractors on the project, and alleges that it is owed approximately $11.7 million in damages for unpaid work and other costs associated with the construction of the base.

In a previous order, the Court stayed consideration of the Government's motion to dismiss this case for lack of subject-matter jurisdiction pending the completion of limited jurisdictional discovery. Now before the Court is Fox's motion to compel production of documents. For the reasons that are discussed below, Fox's motion is DENIED.

Background

The full background of this case is available in the Court's previous opinion staying consideration of the Government's motion to dismiss, which was reported at Fox Logistics & Constr. Co. v. United States, 145 Fed. Cl. 236 (2019). As relevant to this opinion, the facts are as follows.

Fox filed its complaint on September 13, 2018, and the Government filed a motion to dismiss for lack of subject-matter jurisdiction on April 15, 2019. Dkt. 1; Dkt. 15. On September 25, 2019, the Court stayed consideration of the Government's motion pending the completion of limited jurisdictional discovery. Fox Logistics, 145 Fed. Cl. at 243. The parties were supposed to complete written discovery by March 24, 2020. Dkt. 39. Following the close of written discovery, the parties had multiple discovery disputes. See Dkt. 50-1 at 2–3. The parties attempted to resolve these disputes on their own, but were unable to do so. See id.; see also Dkt. 49.

The present dispute arose over Fox's attempts to obtain certain documents that the Government claims are privileged. Dkt. 46 at 1. Fox filed a motion to compel production of documents on August 5, 2020. Id. The Government filed its response to Fox's motion on August 17, 2020, and Fox filed its reply on August 24, 2020. Dkt. 50; Dkt. 51. Fox's motion to compel is now fully briefed and ripe for decision.

Discussion

I.    Standard of Review

Motions to compel discovery "are left to the sound discretion of the court." Christine Asia Co., Ltd. v. Alibaba Group Holding Ltd., 372 F.R.D. 52, 54 (S.D.N.Y. 2018); see Sioux Honey Ass'n v. Hartford Fire Ins. Co., 672 F.3d 1041, 1049 (Fed. Cir. 2012) ("We review a trial court's denial of a request for discovery for abuse of discretion."). A court may deny a motion to compel discovery as untimely if it was filed after the discovery deadline has already passed. See, e.g., Pittman v. Experian Info. Sols., Inc., 901 F.3d 619, 643 (2018); Williams v. Las Vegas Metro. Police Dep't, No. 2:13–cv–01340–GMN–NJK, 2015 WL 3489553, at *1 (D. Nev. June 3, 2015) ("Untimeliness is sufficient ground, standing alone, to deny a discovery motion.").

When deciding whether to review privileged documents in camera to determine if a claimed privilege applies, the Court must first consider whether the party opposing the claim of privilege "present[s] evidence to support a reasonable belief" that the privilege does not apply. United States v. Zolin, 491 U.S. 554, 574–75 (1989). Like most discovery disputes, the decision to engage in in camera review is left to "the sound discretion of the [trial] court," and is based on "the facts and circumstances of the particular case." Id. at 572; see also In re DW Wallcovering, Inc., No. 453, 1996 WL 17457, at *3 (Fed. Cir. Jan.

3, 1996) ("[T]he district court's use of an *in camera* proceeding . . . does not appear improper in the circumstances of this case.").

II.    Waiver

Fox waived its right to object to the scope of production by waiting more than four months after the close of written discovery to file a motion to compel.  Courts routinely deny motions to compel discovery as untimely when they are filed after the discovery deadline has passed.  See, e.g., Pittman, 901 F.3d at 643 (denying a motion because it was filed four months after the discovery deadline had passed); Material Supply Intern. v. Sunmatch Indus. Co., 146 F.3d 983, 992 (D.C. Cir. 1998) (five-month delay); Davidson v. Citizens Gas & Coke Utility, 238 F.R.D. 234, 235 (S.D. Ind. 2006) (fourteen-month delay); Willis v. New World Van Lines, Inc., 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000) (four-month delay).  Courts are especially likely to deny a motion to compel if the party seeking to compel production sat on its rights.  See Pittman, 901 F.3d at 643; Wells v. Sears Roebuck & Co., 203 F.R.D. 240, 241 (S.D. Miss. 2001).

In this case, written discovery closed on March 24, 2020, but Fox did not file its motion to compel until August 5, 2020.  Fox claims that this delay occurred because it "was patiently waiting for the Government to finalize its production."  Dkt. 46 at 6.  Because it was the Government that caused any delay, Fox says, it has not waived its objections to the scope of the Government's production.  Id.    However, Fox's contention that the Government is responsible for the delay is unsupported by the record.  The parties have provided the Court with communications from Government counsel which claim that Fox is responsible for the delay.  Dkt. 46-8; Dkt. 50-1.  In a July 23, 2020 letter to Fox's attorney Hal Emalfarb, Government attorney Erin K. Murdock-Park explained that Fox promised to specifically identify the documents it had questions about.  Dkt. 50-1 at 3.  However, according to the letter, Fox failed to provide the Government with this information, crucial to resolving any dispute over the scope of production, until July 17, 2020, more than two months after it had promised to do so and four months after the close of written discovery.  See id.  Fox does not dispute any of these facts.  See Dkt. 46 at 6.  It is therefore clear that Fox, not the Government, is responsible for the delay.

Fox points to the Court's June 12, 2020 scheduling order, which granted a "91-day extension of time on all deadlines in this case," as evidence that it did not waive its opportunity to seek to compel further production.  Dkt. 51 at 5–6.  Fox's reliance on that order is misplaced.  It is true that at first blush, the order would appear to extend the written discovery deadline by 91 days.  However, the order merely placed the Court's imprimatur on a schedule the parties had previously stipulated to; the stipulation called for a 91-day extension to the deadlines to complete depositions and for the Government to file a renewed motion to dismiss, but not to the written discovery deadline.  Dkt. 42 at 4.  The parties indicated that there were some disputes over the scope of the written discovery the Government had already produced, but did not say that they would need additional time to

complete written discovery. Id. at 2. Accordingly, the Court's June 12 order explicitly set a new date for the close of depositions, but not for the close of written discovery. See Dkt. 43. Taken in context, then, the Court's June 12 order had no impact on the close of written discovery, which had occurred almost three months prior.

Fox had the opportunity to attempt to resolve this dispute with the Government and inexplicably failed to provide the Government with necessary information for more than two months. Fox had the opportunity to involve the Court in resolving the dispute and took more than four months after the close of written discovery to do so. Taken together, Fox's delays constitute a waiver of its right to challenge the scope of the Government's production.

III.   The Merits

Even if Fox had not waived the opportunity to object to the scope of production, it would not be entitled to the documents that it seeks. To get the Court to perform an *in camera* review of the documents the Government claims are privileged, Fox has to prove that there is reason to believe that the Government claimed privilege improperly. See Zolin, 491 U.S. at 574–75. Fox has failed to meet this standard.

Fox claims that it is entitled to five categories of documents that the Government has not produced: (1) emails copied to a Government lawyer, (2) emails including Contracting Officer Major Rebecca Ban regarding "the change of the payment mechanism" that Major Ban approved, (3) partially redacted documents that it believes should not be redacted, (4) completely withheld documents it believes should not have been withheld, and (5) documents related to task orders other than Task Order 42 (the task order at issue in this case). Dkt. 46 at 5–6. However, Fox has failed to provide any evidence tending to show that the Government improperly withheld or redacted these documents.

Instead, Fox merely speculates that the Government is being "intentionally" obstructive out of a fear that "some portion" of the withheld information "is both not privileged and/or will hurt the Government's case." Dkt. 46 at 11. This sort of misconduct on the part of the Government's attorneys would be extraordinary. The Court would expect accusations of this kind to be supported by compelling evidence. Fox supplies no evidence. Mere speculation that the Government improperly claimed privilege does not "support a reasonable belief" that the Government acted wrongfully. See Zolin, 491 U.S. at 574–75.

Fox relies on the broad scope of general discovery as justifying its motion to compel, arguing that it is entitled to "a broad search for facts . . . which may aid [it] in the preparation of [its] case." Dkt. 51 at 11 (quoting Fed. R. Civ. P. 26 advisory committee's not to 1946 amendment). For the third time, the Court holds that as this case currently stands, Fox is only entitled to *limited* jurisdictional discovery to determine Major Ban's intent when she modified Task Order 42. See Fox Logistics, 145 Fed. Cl. at 241–42; Dkt. 49 at 4–5. The

Court is convinced that the Government has provided Fox with all non-privileged documents relevant to this limited question.

<u>Conclusion</u>

Fox waived its right to challenge the scope of the Government's production. Even if it had not, its motion to compel is without merit. For these reasons, Fox's motion to compel production of documents is DENIED.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge